UNITED STATES DISTRICT COURT

Northern District of California

PATRICIA C. KVAM,

         Plaintiff,

  v.

CHASE HOME FINANCE LLC, et al.,

         Defendants.
_____/

No. C 11-4004 MEJ

**ORDER REMANDING CASE TO MARIN COUNTY SUPERIOR COURT**

      This is a mortgage foreclosure action. It arises from a home loan obtained in March 2007 by Plaintiff Patricia Kvam for her residence in Novato, California. Plaintiff defaulted on her $525,000.00 loan in April 2009. More than two years later, in July 2011, Plaintiff filed a complaint in Marin County Superior Court against Defendants Chase Home Finance, LLC and California Reconveyance Company. The crux of Plaintiff's complaint is that Defendants violated the law in the course of lending her the money to purchase her residence. Her complaint alleges the following state law causes of action: (1) temporary restraining order, preliminary injunction, and permanent injunction; (2) declaratory relief; (3) promissory estoppel; (4) breach of the implied covenant of good faith and fair dealing; (5) negligence; (6) deceit: intentional misrepresentation; (7) deceit: negligent misrepresentation; (8) fraud and deceit: suppression of material facts; (9) deceit: promise made without intent to perform; (10) quiet title to real property; and (11) violation of the California Business and Professions Code § 17200.[1]

      In August 2011, Defendants removed Plaintiff's complaint to this Court. Dkt. No. 1. They based their removal primarily on Plaintiff's Section 17200 cause of action, arguing that the claim was

---

[1] The Court provides these facts for background purposes only and does not discuss the entirety of Plaintiff's factual allegations because they are not material to the disposition of this matter. For the same reason, the Court does not consider Defendants' request for judicial notice.

predicated on the violation of multiple federal statutes, rules, and regulations. *Id.* at 4. Defendants then filed a motion to dismiss Plaintiff's entire complaint, which is currently pending before the Court. Dkt. No. 5. In considering this motion, the Court has reviewed the papers submitted by both parties and analyzed Plaintiff's claims. This review and analysis has revealed jurisdictional issues with Plaintiff's action being removed to this Court, which, as discussed below, leads the Court to remand her lawsuit to Marin County Superior Court.

A district court's first task is to determine whether it has subject matter jurisdiction (i.e., the power to adjudicate the case). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. §§ 1331 and 1332, a district court has original jurisdiction over civil actions that arise under federal law or are between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 2.2 (The Rutter Group 2011) (federal courts are courts of limited jurisdiction that can only adjudicate certain matters: mainly those based on diversity of citizenship or a federal question) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). *See also Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) ("Although neither party contests subject matter jurisdiction, we are bound to address it sua sponte if it is questionable"); *In re Disciplinary Action Against Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) (overruled on other grounds in *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991)) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its

1 power rests upon. Without jurisdiction it is nothing.").

2 Here, Defendants removed Plaintiff's state law complaint on the grounds that the allegations, particularly the Section 17200 cause of action, contain some references to violations of federal law. "In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Cortes v. Bank of America*, 2009 WL 4048861, at *2 (C.D. Cal. Nov. 20, 2009) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* (quoting *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)); *see also Pope v. Wells Fargo Bank*, 2010 WL 8388301, at *3 (E.D. Cal. Nov. 29, 2010) ("Courts have consistently found that federal question jurisdiction does not exist where a plaintiff has alleged a UCL claim based on violations of both state and federal law."); *Carbonel v. ARA Loans and Realty, Inc.*, 2010 WL 3219296, at *2 (N.D. Cal. Aug. 12, 2010) (granting motion to remand because the plaintiff's Section 17200 claim was predicated on violations of state law and three federal statutes, which were consequently not a "necessary part of the claim" and would just "shape the court's interpretation" of the claim) (citations and quotations omitted)).

20 The Court finds the above cases instructive with respect to Plaintiff's Section 17200 cause of action. While her claim is predicated on the violation of some federal laws, it is also based on her allegations that Defendants are liable under state law for defrauding her. *See, e.g.*, Compl. ¶ 69 ("Defendants' actions in implementing and perpetrating their fraudulent scheme of inducing Plaintiff to accept mortgages based on inflated property valuations and undisclosed disregard of their own underwriting standards and the sale of overpriced collateralized mortgage pools, all the while knowing that the plan would fail, taking the Plaintiff down and costing her the equity in her home and other damages, *violates numerous federal and state statutes and common law protections* enacted for

1  consumer protection, privacy, trade disclosure, fair trade and commerce, violation of the foreclosures
2  statutes, and securitization regulations and laws.") (emphasis added).  As explained earlier, because
3  Plaintiff's Section 17200 state law claim can be supported by alternate and independent state law
4  theories, it does not necessarily depend on the resolution of an actual and disputed federal issue.[2]
5  Based on this analysis, the Court finds that federal jurisdiction is improper and the matter is
6  consequently REMANDED to Marin County Superior Court.  Defendants' motion to dismiss is
7  DENIED as moot.

Dated: June 4, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[2]  The same is true for Plaintiff's other state law causes of action which Defendants claim provide justification for removal since they include some references to federal laws and regulations.  But these references to federal laws and regulations are even more attenuated than in Plaintiff's Section 17200 cause of action.  For instance, Plaintiff alleges in her fifth cause of action for negligence that Defendants owed her a duty to adequately disclose information regarding the loan and failed to "act in accordance with banking industry practice, statute, and regulations."  Compl. ¶ 37.  This does not automatically confer federal jurisdiction since federal law is not a necessary element of her negligence cause of action and the claim can be resolved on alternative and independent state law theories.  Moreover, even if this claim did raise a federal issue, and then the Court determined that this issue was substantial and disputed — which it is not — the Court would still decline to take this action away from state court.  *See State of Cal. v. H & R Block, Inc.*, 2006 WL 2669045, at *3 (N.D. Cal. Sept. 18, 2006) (explaining that *Grable* requires three elements to justify removal: (1) state law claim raises federal issues; (2) these issues are acutally disputed and substantial; and (3) *assuming these two conditions are met, it must still be appropriate "from a state-federal balance of responsibility perspective, for this Court to take this case from a state court and hear it."*) (emphasis added).